UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Devisme and Anthony Devisme, | File No. 22-cv-01472 (ECT/LIB) |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Center City Housing Company and Duluth Minnesota Police Department, | |
| Defendants. | |

Plaintiffs Andrew Devisme and Anthony Devisme, who will be referred to by their first names, have filed a Complaint [ECF No. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [ECF No. 2]. For the following reasons, this case will be dismissed without prejudice, and the IFP Application will be denied as moot.

I

The Complaint and IFP Application were received on June 1, 2022. ECF Nos. 1, 2. Andrew, presently residing in Chicago, Illinois, brings this action on behalf of himself and his minor son, Anthony. Compl. at 1; IFP App. at 2. The Complaint names two defendants: "Center City Housing Company," which is understood as referring to Center City Housing Corporation, and "Duluth Minnesota Police Department," which is construed as referring to the Duluth Police Department. *See* Compl. at 2.

The Complaint presents roughly one paragraph of substantive allegations.[1] *See id.* at 4. Andrew seems to allege that he and Anthony previously lived in Duluth, Minnesota's Memorial Park Apartments. *See id.* After Andrew "complain[ed] about neglected condition[s]" at the apartments, Center City "took over" facility management. *Id.* Andrew alleges that he made various complaints—apparently more than 60 between April and May 2021—to Center City's site manager and its director about "neglected deadly condition[s]," clogged sinks, and broken windows, which were ignored. *Id.*

As for the Duluth Police Department, Andrew seems to contend that the Department engaged in some sort of "police misconduct" with respect to Anthony. *Id.* Andrew suggests that he told Duluth Police Department officers about "assaults," "hospital [reports]," and "threats," but the Department ignored them. *Id.*

Andrew does not refer to specific statutes or causes of action in the Complaint's substantive allegations. *See id.* The Complaint's jurisdiction section asserts that there is subject-matter jurisdiction over this case under 28 U.S.C. § 1331. In a section for listing "which Federal Constitutional, statutory, or treaty right is at issue," Andrew asserts: "civil

---

[1] Attached to the Complaint are nine pages of assorted documents, including correspondence and medical records. *See* ECF No. 1-1. The Complaint does not refer to these documents, and they have not been considered in detail because Andrew has not explained how the documents might relate to the claims in this case and that relationship is not obvious from a review of the documents. *See Rodriguez-Senum v. Senum*, No. 21-cv-2280 (JRT/LIB), 2022 WL 993674, at *2 (D. Minn. Apr. 1, 2022) (dismissing action after declining to "sift through [supplemental materials] to find relevant allegations or suggest possible causes of action"); *Jackson v. Hennepin Hosp.*, No. 19-cv-2392 (PJS/ECW), 2020 WL 532973, at *1 n.3 (D. Minn. Jan. 3, 2020) (recommending dismissal after declining to "look through [exhibits] to determine what allegations they suggest or to find possible causes of action"), *report and recommendation adopted*, 2020 WL 528898 (D. Minn. Feb. 3, 2020).

righ[t] protest, police misconduct, discrimination[,] emotional distress[,] mental anguish[,] harassment." *Id.* at 3.  The Complaint's request for relief states that Andrew seeks "justice for a now homeless sick kid" and unspecified "mentally ill relief." *Id.* at 4.

Andrew has filed two cases in this District touching on the same general subject matter.  First, in *Devisme v. City of Duluth*, No. 21-cv-1195 (WMW/LIB), commenced in May 2021, Andrew sued the City of Duluth and Duluth's Housing and Redevelopment Authority.  *See* No. 21-cv-1195 (WMW/LIB) (D. Minn. Feb. 18, 2022), ECF No. 89 at 1.  That action's thrust was that the Housing and Redevelopment Authority inappropriately revoked Andrew's housing voucher, leading to his wrongful eviction by Center City.  *See id.* at 1–3.

District Judge Wilhelmina M. Wright entered an order dismissing the case with prejudice, explaining that Andrew's complaint failed "to state a facially plausible claim to relief." *Id.* at 1, 11.  In the lead-up to that order, Andrew had filed three motions demanding Judge Wright's recusal and engaged in "hundreds of improper *ex parte* email and telephone communications" that "ranged from incomprehensible to abusive and harassing," eventually leading to an order limiting Andrew's communications with the Court.  *Id.* at 4–6.  Andrew filed a notice of appeal of Judge Wright's order dismissing the case on March 15, 2022, and that appeal is proceeding before the Eighth Circuit Court of Appeals.  *See* No. 21-cv-1195 (WMW/LIB), ECF Nos. 91, 93; *Devisme v. City of Duluth*, No. 22-1572 (8th Cir.).

In Andrew's second related case, *Devisme v. Center City Housing*, No. 21-cv-1935 (MJD/LIB), commenced on August 27, 2021 (while No. 21-cv-1195 was in full swing

before Judge Wright), Andrew filed a complaint on his behalf as well as Anthony's. *See* No. 21-cv-1935 (MJD/LIB) (D. Minn. Oct. 14, 2021), ECF No. 4 at 1–2. That complaint named as defendants the Duluth Housing and Redevelopment Authority, Center City, the Human Development Center, and the St. Louis County District Court. *See id.* at 2–3. The allegations again involved the revocation of Andrew's housing voucher, and he also complained that the conditions in a Center City property were unsanitary and that staff at the property where he lived harassed him, including through racial slurs. *Id.*

On October 14, 2021, District Judge Michael J. Davis dismissed Andrew's complaint. *Id.* at 12. Judge Davis dismissed the claims against the St. Louis County District Court based on Eleventh Amendment immunity and dismissed the claims brought on Anthony's behalf because Andrew, a nonlawyer, could not represent his son in federal court. *Id.* at 5–7. Surveying various possible federal claims, Judge Davis concluded that the complaint failed to state a federal claim on which relief could be granted. *Id.* at 7–11. Judge Davis also observed that, though some of the complaint's allegations might suggest "negligence (or other state-law claims) against certain Defendants," "the lack of any plausible grounds of federal subject-matter jurisdiction" eliminated "[t]he possibility of supplemental jurisdiction over any such state-law claims" in that case. *Id.* at 11 n.6. Andrew did not appeal the dismissal of this second case.

II

Rather than pay this case's filing fee, Andrew submitted the IFP Application. Review of the IFP Application indicates that Andrew qualifies financially for IFP status. *See generally* IFP App. However, "notwithstanding any filing fee, or any portion thereof,

4

that may have been paid," a district court handling an IFP action "shall dismiss the case at any time if the court determines that [the action] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

When assessing whether a complaint states a claim on which a court can grant relief, a court must accept the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836, 838 (8th Cir. 2014). Although a complaint's factual allegations need not be detailed, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When assessing a complaint's sufficiency, a court can disregard legal conclusions couched as factual allegations. *See id.* (quoting *Twombly*, 550 U.S. at 555). Courts are to construe *pro se* complaints liberally, but such pleadings must still allege sufficient facts to support the claims advanced. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

In addition to its responsibility under § 1915, a federal district court must also police its own subject-matter jurisdiction. Such jurisdiction is a threshold matter for any federal-court action; courts can—indeed, must—address any concerns about subject-matter jurisdiction *sua sponte*. *E.g.*, *Sisney v. Kaemingk*, 15 F.4th 1181, 1193–94 (8th Cir. 2021) (quoting *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1138–39 (8th Cir. 2014)), *cert. denied*, 142 S. Ct. 1454 (2022). Under Rule 12(h)(3) of the Federal Rules of

5

Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The first issue to be addressed is Andrew's attempt to bring claims on behalf of Anthony. This is improper. Nonlawyers cannot represent other individuals in federal court. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves.") (collecting cases); *Charnesky v. Lourey*, No. 18-cv-2748 (ECT/KMM), 2019 WL 1505995, at *3 (D. Minn. Apr. 5, 2019) (collecting cases). Andrew is a not a lawyer, so he cannot bring claims in federal court on Anthony's behalf.[2] Anthony's claims in this action will therefore be dismissed without prejudice.

As noted above, the "Federal Constitutional, statutory, or treaty right is at issue" in this action is stated as "civil righ[t] protest, police misconduct, discrimination[,] emotional distress[,] mental anguish[,] harassment"; the Complaint does not specify any statutes or constitutional provisions. Of the six asserted jurisdictional bases, it is unclear how two of them—emotional distress and mental anguish—support federal-question jurisdiction. They seem to be measures or types of damages for which Andrew requests compensation, not federal causes of action. For jurisdictional purposes, then, the four others remain.

For each of these, however, Andrew fails to state a claim for which relief may be granted. As noted above, to properly plead a claim, a plaintiff must allege sufficient facts

---

[2] As described above, Judge Davis previously informed Andrew of this point in the Order in No. 21-cv-1935, but Devisme does not address the issue in his Complaint.

to support it. To start with the police misconduct and harassment claims, the Complaint provides little to no detail as to what alleged police misconduct or harassment occurred, *see* Compl. ¶ 4, so Andrew fails to state a claim with respect to this misconduct or harassment. The situation is similar for the assertions of civil rights protest and discrimination. To be sure, one can see the outlines of a potential civil-rights claim, or a claim asserting discrimination. If Andrew alleged, say, that conditions at his apartment were neglected, or his complaints about those conditions were ignored, because of his membership in a protected class, the Complaint might get closer to stating a claim under federal civil-rights laws. But Andrew nowhere alleges his membership in a protected class,[3] so the Complaint fails to state any sort of civil-rights or discrimination claim.[4]

In summary, Andrew's claims based on civil righ[t] protest," "police misconduct," "discrimination," and "harassment"—i.e., the claims purportedly creating subject-matter jurisdiction here—will all be dismissed without prejudice for failure to state a claim.

---

[3] Judge Davis made a similar point. *See* No. 21-cv-1935 (MJD/LIB) (D. Minn. Oct. 14, 2021), ECF No. 4 at 9–10 (explaining that, even if a claim under 42 U.S.C. § 2000d was asserted, the complaint failed to state a claim because it said "nothing about Devisme's race, color, or national origin").

[4] In a "class of one" equal-protection claim, a plaintiff need not plead membership in a protected class, but the Complaint does not meet the requirements of that claim, either. The Supreme Court has noted that "when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a rational basis for the difference in treatment." *Engquist v. Ore. Dep't of Agr.*, 553 U.S. 591, 602 (2008) (cleaned up). To allege such a claim, one must "provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Mensie v. City of Little Rock*, 917 F.3d 685, 692 (8th Cir. 2019) (cleaned up). "[T]his is a demanding standard, particularly given that the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Id.* (cleaned up).

Once one puts to the side Andrew's potential federal claims, the Complaint's remainder involves claims that a property owner has failed to properly maintain a tenant's apartment. Any such claims are not federal-law claims; they are state-law claims. To exercise jurisdiction over state-law claims, a federal court must have "supplemental jurisdiction" over them.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Put another way, supplemental jurisdiction can only exist if there are claims for which a district court has original jurisdiction in the first place. Here, the Complaint fails to state any claim over which a district court could have original jurisdiction,[5] so no supplemental jurisdiction over related claims can exist. Accordingly, to the extent Andrew's Complaint states claims under state law, they will be dismissed without prejudice for lack of jurisdiction.

Given the preceding analysis, Andrew's Complaint will be dismissed in its entirety. Because of that outcome, the IFP Application will be denied as moot.

---

[5] There is another common route to federal subject-matter jurisdiction: diversity jurisdiction. As relevant here, 28 U.S.C. § 1332(a)(1) gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs, and is between . . . citizens of different States." The Complaint alleges that Devisme is an Illinois citizen and that Defendants are Minnesota citizens, *see* Compl. at 1–2, so § 1332's diversity requirement might be met here. But Devisme does not allege an amount in controversy or suggest that diversity jurisdiction exists. *See id.* at 3. Diversity citizenship is thus not a route to subject-matter jurisdiction here.

III

There is one more issue to address. Andrew has filed three overlapping (if not duplicative) complaints in this District, and later actions ignored explanations in the orders in his earlier actions of legal problems with his filings. *See, e.g.*, *supra* nn. 4–5. Andrew should be aware that the federal courts are not powerless to stop abusive litigants. "There is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sterling v. Wood*, 68 F.3d 1124, 1126 (8th Cir. 1995) (cleaned up); *Duwenhoegger v. Nicollet Cnty.*, No. 21-cv-2764 (ECT/TNL), 2022 WL 504012, at *2 (D. Minn. Jan. 13, 2022) (citing *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988)). And "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." *Tyler*, 839 F.2d at 1293; *see also, e.g.*, *Hansmeier v. MacLaughlin*, No. 21-cv-1167 (JRT/LIB), 2022 WL 748484, at *6 (D. Minn. Mar. 11, 2022) (quoting *Tyler*). "Federal courts have inherent authority to impose sanctions to 'regulate their dockets, promote judicial efficiency, and deter frivolous filings.'" *Hansmeier*, 2022 WL 748484, at *6 (quoting *City of Shorewood v. Johnson*, No. 11-cv-0374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012)).

Given this case law and Andrew's conduct, Andrew is on notice that any further duplicative litigation, particularly litigation that neglects substantive rules of which Andrew has been directly advised, may result in Andrew's filing status being restricted such that he will no longer be allowed to file new lawsuits in this District unless he is represented by counsel or gets approval from a judicial officer of this District.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs Andrew Devisme and Anthony Devisme's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **DENIED** as moot.

Dated: July 14, 2022
                                                   s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court